IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dr. Ramesh C. Dhingra and<br>Ramesh C. Dhingra MD SC,<br>　　　　　Plaintiffs<br>Vs.<br><br>PNC Bank, National Association,<br>successor to National City Bank,<br>successor to MidAmerica Bank,<br><br>　　　　　Defendants.<br>_____<br>PNC Bank, National Association,<br>successor to National City Bank,<br>successor to MidAmerica Bank,<br>　　　Third Party Plaintiff,<br><br>Shivaun Straub,<br>　　　Third Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 10-cv-07553<br><br>Judge John Z. Lee<br><br>Magistrate Judge Sidney I. Schenkler |

## PNC'S MOTION FOR ORDER OF JUDGMENT AGAINST SHIVAUN STRAUB

NOW COMES, Third Party Plaintiff, PNC Bank, National Association, successor to National City Bank, successor to MidAmerica Bank ("PNC"), by and through its attorneys, Crowley & Lamb, P.C., and for its motion for order of judgment against Third Party Defendant Shivaun Straub ("Straub"), states as follows:

1.　On October 28, 2010, Plaintiffs filed a complaint (the "Complaint") against PNC in the Circuit Court for Cook County, Illinois, alleging that from August 8, 2005 to February 1, 2010, Shivaun Straub began to undertake a scheme whereby she intercepted checks made payable to Plaintiffs, fraudulently endorsed the checks and presented them to PNC for payment.

Plaintiffs alleged the proceeds of the checks, in excess of $539,299.12, were deposited into Shivaun Straub's account at PNC.[1]

2. PNC removed the Complaint to the Northern District of Illinois on November 23, 2010. Dkt. No. 1.

3. On May 3, 2011, PNC filed a Third Party Complaint against Shivaun Straub ("Straub") in connection with Plaintiffs' allegations in the Complaint. A true and correct copy of PNC's Third Party Complaint against Straub is attached hereto as Exhibit A. PNC has asserted claims in its Third Party Complaint for fraud, breach of transfer warranty and unjust enrichment that entitle it to recover prejudgment interest, attorneys' fees and punitive damages from Straub.

4. Straub was served with Summons and the Third Party Complaint on May 13, 2011. A true and correct copy of the return of service for Summons and Third Party Complaint is attached hereto as Exhibit B.

5. Straub never filed an appearance, answer or other pleading in response to the Third Party Complaint and on June 20, 2011, the Honorable Virginia M. Kendall granted PNC's oral motion to enter an order of default against Straub. Dkt. No. 43, see Exhibit C, hereto.

6. Subsequently, on June 29, 2012, the Honorable John Z. Lee entered a partial judgment against Straub pursuant to Federal Rule 54(b). Dkt. No. 67, see Exhibit D, hereto.

7. PNC has been damaged in the following amounts as a result of Straub's actions: $157,000.00 with respect to the checks, $1,656.27 in prejudgment interest[2], attorneys' fees in the amount of $50,946.00, and other litigation expenses in the amount of $3,291.14.

---

[1] Pursuant to order entered June 20, 2011 [Dkt. No. 45], Plaintiffs' claims with respect to certain checks were dismissed as time-barred, reducing Plaintiffs' claims against PNC to $314,943.45.
[2] Calculated at the statutory rate of 5% on $157,000, from the date of payment, October 23, 2012, through the date of judgment, January 8, 2013, which totals 77 days with interest accruing at the rate of $21.51 per diem. See 815 ILCS 205/2 (West 2012).

8. Attached hereto as <u>Exhibit E</u> is a true and correct copy of the affidavit of Nina Ready-Boerst, a Loss Prevention Manager at PNC familiar with the captioned litigation and allegations of Plaintiffs' Complaint and PNC's Third Party Complaint, setting forth in detail the amount of PNC's damages in connection with the captioned litigation.

9. In addition, attached hereto as <u>Exhibit F</u> is a true and correct copy of the Fee Petition of Crowley & Lamb, P.C., setting forth in detail the hours worked, rates charged and expenses incurred in connection with the captioned litigation.

10. Section 3-416(b) of the Uniform Commercial Code provides that "a person to whom the warranties under subsection (a) are made and who took the instrument in good faith may recover from the warrantor as damages for breach of warranty an amount equal to the loss suffered as a result of the breach, but not more than the amount of the instrument plus expenses and loss of interest incurred as a result of the breach." 810 ILCS 5/3-416(b)(West 2012).

11. The Comments to Section 3-416 indicate that under this Code Section, "[t]here is no express provision for attorney's fees, but attorney's fees are not meant to be necessarily excluded. They could be granted because they fit within the phrase 'expenses ***incurred as a result of the breach.'" 810 ILCS 5/3-416, Cmt. 6. Several courts have awarded attorneys' fees in cases involving breaches of transfer warranties. *See e.g. First Virginia Bank-Colonial v. Provident State Bank*, 582 F.Supp. 850, 852 (D.Md. 1984); *Guaranty Bank & Trust Co. v. Fed. Reserve Bank of Kansas City*, 454 F.Supp. 488, 492-93 (W.D.Okla. 1977); *See also Southern Provisions, Inc. v. Harris Trust and Sav. Bank*, 96 Ill.App.3d 745, 747-48 (1st Dist. 1981) (recognizing whether to award attorneys' fees for breach of transfer warranties is within the discretion of the trial court).

12. PNC is also entitled to receive its attorneys' fees and litigation expenses as compensatory damages under its fraud count. *Roboserve, Inc. v Kato Kagako Co., Ltd.,* 78 F.3d 266, 273-74 (7th Cir. 1996) (out-of-pocket losses recoverable for fraud "naturally include attorneys fees…"); *Nalivaika v. Murphy,* 120 Ill.App.3d 773, 776 (1st Dist. 1983) ("[w]here attorney fees sought by the plaintiff are those incurred in actions with third parties brought about by a defendant's misconduct, the litigation expenses are merely a form of damages and are accordingly recoverable from the defendant"), citing *Sorenson v. Fio Rito,* 90 Ill.App.3d 368, 372 (1980) and *Ritter v. Ritter,* 381 Ill.549, 554-55 (1943).

13. This is an appropriate case for the court to award attorneys' fees. Third Party Defendant Straub is accused of stealing insurance checks payable to Plaintiffs, forging Plaintiffs' endorsement on the checks and depositing them into her own account. Despite the seriousness of the allegations, Straub has not appeared in or participated in this case in any manner. Therefore, all well-pleaded facts in the Third Party Complaint are taken as true. See *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983). In addition, Straub has confessed to the conduct alleged in Plaintiffs' Complaint (and PNC's Third Party Complaint) in a Voluntary Statement made to the Melrose Park Police Department on April 13, 2010, Straub pled guilty to her crimes and has been convicted and sentenced to a maximum prison term of 4 years. See attached hereto as Group Exhibit G, Voluntary Statement of Shivaun Straub, Certified Statement of Conviction of Shivaun Straub from the Clerk of the Circuit Court of Cook County, Illinois and print-out from Illinois Department of Corrections reflecting Shivaun Straub as ab inmate in the DOC's Decatur facility sentenced to 4 years for theft and

deception in excess of $500,000.00.[3] Due to Straub's actions, PNC has had to spend sums, including attorneys' fees, to defend the action filed by Plaintiffs against PNC and to recover sums stolen by Straub. PNC should be compensated by Straub for these expenditures.

14. In addition to its attorneys' fees, PNC is entitled to receive prejudgment interest under Section 3-416(b) at the statutory rate of 5% from the date of its loss (October 23, 2012), through the entry of judgment. *See* 810 ILCS 5/3-416(b); 815 ILCS 205/2 ("[c]reditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; ... on money received to the use of another and retained without the owner's knowledge..."); *See also Mutual Service Cas. Ins. Co. v. Elizabeth State Bank*, 265 F.3d 601, 628-30 (7th Cir. 2001) (insurer was entitled to prejudgment interest from date it compensated insured for losses caused by insured's employee who misappropriated proceeds of insured's checks until the date insurer obtained judgment against employee); *First Arlington Nat. Bank v. Stathis*, 115 Ill.App.3d 403, 415-17 (1st Dist. 1983) (prejudgment interest allowed in case for wrongful dishonor of letter of credit).

15. Prejudgment interest under the Illinois Interest Act is also available in cases alleging fraud. *Forrester v. State Bank of Moline,* 52 Ill.App.3d, 42-43 (3d Dist. 1977) (award of prejudgment interest was proper against bank in fraudulent misrepresentation case), citing *Kramlich v. Home Federal Sav. & Loan Ass'n of Chicago,* 26 Ill.App.3d 430, 438 (1st Dist. 1974) and *Pfeffer v. Farmers State Bank,* 263 Ill.App. 360, 373 (1st dist. 1931).

---

[3] The Court is entitled to take judicial notice of matters in the public record. See *Hudson v. Cassiday,* 2006 WL 3524420, *2 (N.D.Ill. December 5, 2006) (court took judicial notice of criminal proceedings in state court), attached

WHEREFORE, Third Party Plaintiff PNC, National Association, successor to National City Bank, successor to MidAmerica Bank respectfully requests this Court enter an order of judgment in PNC's favor and against Third Party Defendant Shivaun Straub, in the amount of $212,893.41, representing $157,000.00 with respect to the checks, $1,656.27 in prejudgment interest, attorneys' fees in the amount of $50,946.00, and other litigation expenses in the amount of $3,291.14, and for such other and further relief as this Court deems just and reasonable.

>Respectfully submitted,
>
>PNC, National Association, successor to National City Bank, successor to MidAmerica Bank
>
>By: /s/ Christina M. Ripley
>     One of its Attorneys

James M. Crowley (ARDC #6182597)
Christina M. Ripley (ARDC #6293641)
Crowley & Lamb, P.C.
221 N. LaSalle Street, Suite 1550
Chicago, Illinois 60601
(312) 670-6900
jcrowley@crowleylamb.com
cripley@crowleylamb.com

---

hereto as Exhibit H.